1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYLER JOHNSTON,

       Plaintiff,                  No. CIV S-11-3274 EFB P

     vs.

RACHEL D. MILLER, et al.,

       Defendants.         <u>ORDER</u>

_____/

     Plaintiff is a former state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. *See* Dckt. No. 8 (Notice of Change of Address). In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis and a request for appointment of counsel.[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. Dckt. No. 6; *see* E.D. Cal. Local Rules, Appx. A, at (k)(4).

     Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion

---

[1] Plaintiff's application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

To the extent comprehensible, the complaint appears to assert claims pursuant to 42 U.S.C. § 1983 against defendant Rachel Miller – alleged to be plaintiff's court appointed public defender, Jessica Windham - alleged to be either an attorney or a probation officer, and Douglas Phumister – alleged to be a judge. The complaint includes various disjointed and incoherent allegations that defendants, among other actions, "abandoned their individual roles and separate responsibilities," "formed a specialty court team," "conspired to deny petitioner the proposed

2

benefits of his probation," and "provided false information and sought the premature revocation of petitioner's probation." *See* Dckt. No. 1.

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that it does not comply with Rule 8, and that its allegations are so vague and conclusory that the court cannot determine whether this action is frivolous or fails to state a claim for relief. Before undertaking to determine whether the complaint may have merit, the court may insist upon compliance with its rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases). To proceed, plaintiff must file an amended complaint.

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* Moreover, a complaint must include sufficient factual allegations to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

A public defender is not a state actor within the meaning of § 1983 in representing a client in the traditional adversarial role of a lawyer. *Miranda v. Clark County, Nevada*, 319 F.3d

1   465, 468 (9th Cir. 2003).  Nor are attorneys in private practice.  *See Simmons v. Sacramento*

2   *County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Polk County v. Dodson*,

3   454 U.S. 312, 318-19 (1981).  Any potential claims for legal malpractice do not come within the

4   jurisdiction of the federal courts.  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

5        Additionally, the judge and prosecutor involved in plaintiff's criminal case are both

6   entitled to absolute immunity.  "Judges are absolutely immune from damage actions for judicial

7   acts taken within the jurisdiction of their courts . . . A judge loses absolute immunity only when

8   [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in

9   nature."  *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  State

10  prosecutors are also entitled to absolute prosecutorial immunity for acts taken in their official

11  capacity.  *See Kalina v. Fletcher*, 522 U.S. 118, 123-24 (1997); *Buckley v. Fitzsimmons*, 509

12  U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976).

13       Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

14  cognizable legal theory against a proper defendant and sufficient facts in support of that

15  cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

16  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

17  their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

18  shall clearly set forth the claims and allegations against each defendant.

19       Any amended complaint must cure the deficiencies identified above.  Additionally, any

20  amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal.

21  Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an

22  amended complaint, the original pleading is superseded.  Plaintiff  may not change the nature of

23  this suit by alleging new, unrelated claims in an amended complaint.  *George v. Smith*, 507 F.3d

24  605, 607 (7th Cir. 2007) (no "buckshot" complaints).

25       Plaintiff requests that the court appoint counsel.  District courts lack authority to require

26  counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist.*

1  *Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an

2  attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v.*

3  *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36

4  (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must

5  consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate

6  his claims pro se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560

7  F.3d 965, 970 (9th Cir. 2009).  The court finds there are no exceptional circumstances in this

8  case.

9         Accordingly, the court hereby orders that:

10        1.  Plaintiff's request to proceed in forma pauperis is granted.

11        2.  The complaint is dismissed with leave to amend within 30 days.  The amended

12  complaint must bear the docket number assigned to this case and be titled "First Amended

13  Complaint."  Failure to comply with this order will result in a recommendation that this action be

14  dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable

15  claim the court will proceed with service of process by the United States Marshal.

16        3.  Plaintiff's request for appointment of counsel, Dckt. No. 7, is denied.

17  Dated:  May 3, 2012.

18

19                                          EDMUND F. BRENNAN
20                                          UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26